a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| OUNCRE D. JONES, Plaintiff | CIVIL ACTION NO. 1:18-CV-969-P |
| VERSUS | JUDGE DEE D. DRELL |
| MICKY DOVE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (28 U.S.C. § 1983) filed by pro se Plaintiff Ouncre D. Jones ("Jones"). Jones was granted leave to proceed *in forma pauperis*. (Doc. 7). Jones is a pretrial detainee incarcerated at the Natchitoches Parish Detention Center. Jones alleges that he was subjected to excessive force during his arrest. He names as Defendants Natchitoches Police Chief Micky Dove and Officer C. Dranquet.

Because Jones's criminal charges remain pending in state court, his § 1983 complaint should be stayed pending the outcome of the criminal proceedings.

I.  Background

Jones states that he was arrested by the Natchitoches Police Department following a chase. (Doc. 1, p. 3). Officer Dranquet allegedly placed Jones in a headlock and punched Jones in the head. When another officer arrived, Officer Dranquet claimed that Jones had punched him in the eye. (Doc. 1, p. 3).

Jones was ordered to amend his complaint to state whether he was charged with any offenses as a result of the altercation with Officer Dranquet. In response,

Jones provides that he was charged with hit and run, resisting and officer, aggravated flight, resisting a police officer with force or violence, simple criminal damage to property, battery of a police officer, reckless operation of a vehicle, shoplifting, and numerous traffic violations. According to Jones, several of the charges are pending.

II. Law and Analysis

    A. Jones's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Jones is a prisoner who has been allowed to proceed *in forma pauperis*. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Jones is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

    B. Jones's complaint should be stayed.

Jones claims that he was subjected to excessive force during his arrest. In Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), the Supreme Court held that "a plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question."

Id.  A § 1983 claim falls under the rule of Heck only when a judgment in favor of the plaintiff would necessarily imply the invalidity of a subsequent conviction or sentence.  See Wallace v. Kato, 549 U.S. 384, 393 (2007).

The Heck rule does not apply to pending criminal charges.  See id. at 393-94. If a plaintiff files a claim of unlawful arrest before he has been convicted, or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial, it is within the power of the district court to stay the civil action until the criminal case has ended.  See id.

If Jones is convicted of the charges related to his altercations with the arresting officers, an award of damages would imply the invalidity of the conviction(s).  Thus, Jones's claim should be stayed pending the outcome of his criminal proceeding.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Jones's claim for damages for excessive force during his arrest be STAYED pending the outcome of his criminal proceedings, in accordance with the following conditions:

a.  Within 30 days of the date the state court criminal proceedings have concluded, Jones SHALL FILE a motion asking this Court to lift the stay.  The action will proceed at that time, absent some other bar to suit.  See Wallace v. Kato, 549 U.S. 384 (2007).

b.  If the criminal proceedings are not concluded within six months from the date of this order, Jones SHALL FILE a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six months thereafter until the stay is lifted.

c.  In light of the stay, Jones SHALL NOT file any more documents related to his claims until the state court proceedings have concluded.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Rule 6(b) of the Federal Rules of Civil Procedure, shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of November, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge